UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------X

DAVONTE HAMILTON,

    PLAINTIFF,

V.

1. Westchester County; 2. Correct Care Solutions, LLC; 3. Medical Director Raul Ulloa; 4. Westchester County Department of Corrections Commissioner Joseph K. Spano; 5. Assistant Warden Francis Delgrosso; 6. Assistant Warden Karl Vollmer; 7. Acting Deputy Commissioner Leandro Diaz,

    DEFENDANTS.

------X

18CV8361

VERIFIED COMPLAINT

JURY TRIAL DEMANDED

Plaintiff pro-se states as follows:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which plaintiff Davonte Hamilton, seeks relief for defendants' violation of his

Rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983 and by the Eighth, and Fourteenth Amendments to the U.S. Const. Plaintiff further asserts <u>Monell</u> claims against defendants. Plaintiff seeks compensatory, punitive, nominal damages, an award of cost, interest, and such other and further relief as this court deems just and proper.

## Jurisdiction and Venue

2. This action is brought pursuant to 42 U.S.C. § 1983, Eighth, Fourteenth Amendments, to the U.S. Const., and violation of the Americans with Disabilities Act ("ADA"). Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiff constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(B) and (C) in that the events giving rise to this claim occurred within this District of Southern District of New York.

## Parties to the Action

4. Plaintiff is a United States citizen over the age of 18, and resides at the Westchester County Department of Corrections ("WCDOC").

5. Defendant Westchester County is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Department of Corrections which acts as its agent, and for which it is ultimately responsible. Defendant Westchester County assumes the risks incidental to the employment of correctional staff and contractors. Defendant was at times relevant herein the public employer of defendants correctional staff and medical defendants' through & contract.

6. DEFENDANT CORRECT CARE SOLUTIONS, LLC, WAS AT ALL TIMES RELEVANT AN OUT SOURCED MEDICAL COMPANY PROVIDING MEDICAL TREATMENT TO INMATES OF THE WCDOC THROUGH CONTRACT WITH DEFENDANT WESTCHESTER COUNTY, THUS PERFORMING A PUBLIC FUNCTION.

7. DEFENDANT RAUL ULLOA, WAS AT ALL TIMES RELEVANT THE MEDICAL DIRECTOR AT WCDOC ON BEHALF OF DEFENDANT CORRECT CARE SOLUTIONS, LLC ("CCS") HE IS RESPONSIBLE FOR ORDERING SPECIFIC TREATMENTS, SCHEDULING SPECIALIST APPOINTMENTS, PRESCRIBING/AUTHORIZING TREATMENTS, AND DIRECTING HOUSING LOCATIONS OF INJURED INMATES.

8. DEFENDANT JOSEPH K. SPANO, WAS AT ALL TIMES RELEVANT THE COMMISSIONER OF WCDOC RESPONSIBLE FOR THE CONDITIONS OF CONFINEMENT AT WCDOC.

9. Defendant Francis DelGrosso, was at all times relevant an Assistant Warden at WCDOC responsible for the conditions of confinement at WCDOC, responding to grievance(s), and he is further responsible for conducting in person rounds of WCDOC for unsafe prison conditions.

10. Defendant Karl Vollmer, was at all times relevant an Assistant Warden at WCDOC responsible for the conditions of confinement at WCDOC, responding to grievance(s), and he is further responsible for conducting daily in person rounds of WCDOC to identify any hazardous conditions of confinement at WCDOC.

11. Defendant Leandro Diaz, was at all times relevant an Acting Deputy Commissioner at WCDOC responsible for conditions of confinement at WCDOC, and further responsible for identifying hazardous conditions through daily rounds and in person inspections.

12. All defendants are sued in their individual, and official capacities.

13. All defendants were acting under color of law.

## Statement of Facts

14. On August 21, 2018 while confined to the Westchester County Department of Corrections ("WCDOC") plaintiff opted to participate in recreation and was picked up by correctional staff (along with other prisoners) and escorted to the "old jail" large yard.

15. Plaintiff and several of my fellow inmates, decided to engage in a full court basketball game. During the game plaintiff stepped into a crumbled piece of concrete, that was cracked and missing portions. This caused me a knee dislocation and a torn meniscus. Upon further inspection of the floor, plaintiff noticed, that the entire flooring was in said condition, and had been for an extended duration (30 years).

16. Thereafter plaintiff was returned to his housing unit 1-East. The 1-East housing unit also has cracked, broken, and flooring thats missing portions, within general walk ways making it difficult to navigate.

17. Moreover the shower in 1-East did not have a bench and/or a rail to assist plaintiff as a handicap individual. Furthermore, the flooring did/does not have rubber maths (outside shower concrete). And the shower requires any one that is entering it to make an approx. 2 1/2 foot, upward step to get into the shower (while hunching over) without assistance, and a 2 1/2 foot drop step to exit which needlessly caused plaintiff excruciating pain when entering and exiting the shower. Moreover, plaintiff was forced to stand with his crutches in the shower and try to shower which always seemed physically impractical.

18. On September 5, 2018 plaintiff participated in a family visit upon exiting the visit, plaintiff was directed to a strip frisk, despite the fact that plaintiff did have a (physical injury) and was mobilizing with crutches, officers forced him to stand on his injury

causing severe pain as the visit search area does not have a bench and/or rails to assist him while undressing and dressing. As such, plaintiff was forced to endure excruciating pain needlessly.

19. On belief, this violates the Americans with Disabilitys Act of Sec. 504 and/or other statues.

20. Plaintiff further avers, that he could no longer attend recreation outside (the only recreation offered) because he has to walk up and down stairs to reach said areas, and there are no ramps.

21. Returning to plaintiffs housing he further avers, that his cell floor is concrete that is also missing portions, and crumbling in several areas.

22. Moreover, the 1-east housing unit does not have adequate ventilation, as the windows remain closed, there is NO central air or exhaust. As such, the air is humid and stagnated making it difficult to breathe, and the ceilings including my cell gets covered in water drops which creates rust, and then the rust water drips every where e.g. on you, your bed and personal items.

23. Plaintiff avers, that he filed a grievance, regarding the condition of the courtyard, and it was subsequently closed, but not repaired.

24. Plaintiff filed his grievance with Sergeant Hollis.

25. Seperately, plaintiff attempted to file a grievance with Sergeant Kitt in or around September 4, 2018 regarding the unbearable heat, poor air circulation, no exhaust, and the shower steam causing his cell ceiling (amongst others) to be covered in water drops that dripped rust water onto plaintiff, and most of the cell. But Sergeant Kitt refused plaintiffs grievance and stated "im sick of you fucking cry babies this is jail handle it" and refused to accept my grievance.

26. Plaintiff avers, that the condition, (flooring) of the large courtyard was known to defendants Spano, Delgrosso, Vollmer, and Diaz, through grievance reports, previous inmate injuries on the same courtyard, personal inspections, but they failed to take any action once this was brought to their attention.

27. Moreover, they have been on notice, of the conditions of confinement in the old jailhouse units "1-East" with regard to the poor ventilation, damaged flooring, lack of benches and/or shower rails to assist handicap inmates, and more shockingly, the 2½ upward and downward step inmates must make in order to enter and exit the shower onto a waxed slippery floor, but they have took no action. They have learned of this through plaintiffs' grievances, and other grievances filed for similar/identical claims or concerns.

28. Furthermore, defendants had daily meetings where grievances are discussed.

29. Defendant Raul Ulloa is being sued as he is the medical director of C.C.S, and with the authority vested in him he can order plaintiff to receive treatment as directed by Westchester Medical Center on Aug. 27th, 2018 ("immediate MRI"), but he has unnecessarily disregarded the instructions of said medical authorities, causing plaintiffs injury to settle.

30. Furthermore, the ace bandage that N.P.U. substituded for the "knee stabilizer" is not effective, and causes plaintiff severe pain. CCS, and director Ulloa have

ignored aftercare treatment for plaintiffs knee, and failed to order him placed in a housing unit, that does not require [plaintiff] to climb staires to go to recreations or to shower.

31. Such delay amounts to deliberate indifference as the initial response to his injury was reasonable, but the subsequent treatment thereafter can be characterized as a "deliberate indifference" as plaintiff ® knee is completely numb, and he feels a throbbing pain and his knee feels as though its "wobbling" making it almost impossible to navigate with crutches as standing causes excruciating pain.

32. On belief, the knee stablizer, that was confiscated was essential in maintaining his knee straight juxtaposed to the ace bandage.

33. On belief, defendants have delayed plaintiffs MRI in attempt to shift cost to the Federal Bureau of Prisons upon his transfer.

34. On belief, the delay in getting plaintiff an MRI is unreasonable, and the confiscation of his knee device for a non-effective ace bandage is cruel and unusual punishment, and deliberate indifference.

AS FOR A FIRST CAUSE OF ACTION

Claims of prison conditions, cruel unusual punishment deliberate indifference in violation of the Eighth and Fourteenth Amendments to the U.S. Const. against all defendants.

35. Plaintiff repeats, reiterates and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

36. At all times described herein the conditions of confinement were atrocious, and violated all bounds tolerated by a civilized society.

37. All of the aforementioned act(s) deprieved plaintiff of the rights, privileges, and immunities guaranteed to citizens of the United States by the Eighth and Fourteenth Amendments to the U.S. Const. and in violation of 42 U.S.C. § 1983.

38. The acts complained of we inhumane and not related to a penalogical interest.

AS FOR A SECOND CAUSE OF ACTION

Violation of the Americans with Disability Act Sec. 504

39. Plaintiff hereby repeats, reiterates, and asserts each and every allegation contained in the previous paragraph with the same force and effect as if fully set forth herein.

40. Defendants as a municipal subdivision of the state of New York who houses federal prisoners, (as plaintiff) do receive federal funding to operate.

41. Defendants have violated the ADA by (1) failing to maintain an area in the facility (visit room search area (or booking department) to search handicap prisoners with crutches or/and in wheel chairs.

42. Furthermore, the aforesaid statue was violated when defendants housed plaintiff in a housing unit "1-East" that contained a shower (for his use) with a 2½ foot upward step to enter the shower, and attempting to force him to engage in recreation – by climbing stairs. Because no ramp or flat surface was available.

43. As such plaintiff was damaged and seeks redress.

<u>As for a third cause of action against Westchester County Municipal Liability 42 U.S.C. § 1983</u>

44. Plaintiff hereby repeals, reiterates, and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

45. Defendants here failed to adequately train, and supervise defendants, who have a <u>custom and usage</u> of allowing hazardous conditions to remain dangerous until someone is hurt, and even then most of the time the condition remains in effect exposing WCDOC inmates to serious physical injuries. The country has grossly supervised its employers for such a duration, that they are the constant targets of federal law suits in this courthouse for similar conduct.

<u>As for a fourth cause of action</u>

Claims of cruel unusual punishment against all defendants.

46. Plaintiff hereby repeals, reiterates, and asserts each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

47. DEFENDANTS ACTED WITH MESS AREA when they forced him to place his weight on his (R) knee on two seperate occassions during family visits. In addition, forcing plaintiff to shower while standing on crutches, and having to climb a stair (2½ foot) to enter and exit the shower in 1-East.

48. As such, plaintiff was damaged and seeks redress.

49. In or around Aug. 28, 2018 after 3PM. on 1-East plaintiff filed a grievance with Sergeant Hollis (which he accepted), But he failed to respond within 5 business days as outlined within minimum standards, governing County jails. As such, Sergeants Hollis failure to timely respond, prompted plaintiff to file an appeal request - directed to grievance coordinator, which was never answered or responded to. The filing of said grievance was captured on surveillance video.

Wherefore, plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in the amount of $350,000.°° Punitive damages in the amount of $1,000,000.°° against all defendants.

AND COST INTEREST AND SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS JUST AND PROPER.

DATED: SEPTEMBER 9, 2018
VALHALLA, NY

By: _____
DAVONTE HAMILTON
JID NO. 253217
P.O BOX 10
VALHALLA, NY. 10595

I DAVONTE HAMILTON, State I AM the PLAINTIFF IN the ABOVE CAPTIONED MATTER, AND I declare UNDER PENALTY OF PERJURY PURSUANT to 28 U.S.C. §1746 that I HAVE READ the FOREgoing VERIFIED COMPLAINT AND it is TRUE AND CORRECT to the BEST OF MY KNOWLEDGE EXCEPT FOR the MATTERS I Allege to BE ON INFORMATION AND BELIEF AND EVEN THOSE MATTERS I BELIEVE THEN to BE TRUE. EXECUTED ON 9 SEPTEMBER 2018.

X _____

Davante Hamilton
ID 253217
P.O. Box 10
Valhalla, N.Y. 10595

RECEIVED
SDNY DOCKET UNIT
2018 SEP 13 PH 3:56

United States District Court
Southern District of New York
Attn: Pro Se Clerk
500 Pearl Street
New York, N.Y. 10007

Legal Mail