UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

DAVONTE HAMILTON,

                Plaintiff,

      -against-                          Civil Action
                                         No.: 18-08361 (NSR)

WESTCHESTER COUNTY ET AL.,

                Defendants.
-------------------------------------------------------------X

# MEMORANDUM OF LAW

Dated: White Plains, New York
      March 14, 2019

                         JOHN M. NONNA
                         Westchester County Attorney
                         Attorney for County Defendants
                         Irma W. Cosgriff, Esq.
                         Senior Assistant County
                              Attorney, of counsel
                         600 Michaelian Office Building
                         148 Martine Avenue
                         White Plains, New York 10601
                         Tel: (914) 995-3577
                         Fax: (914) 995-3132
                         iwc1@westchestergov.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................ I-VI

PRELIMINARY STATEMENT ............................................................................................ 1

FACTS ALLEGED IN THE COMPLAINT ............................................................................ 2

LEGAL STANDARDS ............................................................................................................ 3

FRCP Rule 12(b)(6) ............................................................................................................. 3

Section 1983 Actions ............................................................................................................ 5

Exhaustion ............................................................................................................................ 5

*Monell* Claim Against the County ...................................................................................... 6

Title II of the ADA .............................................................................................................. 7

Conditions of Confinement .................................................................................................. 8

Personal Involvement .......................................................................................................... 11

POINT I ................................................................................................................................. 11
    *Plaintiff Failed to Exhaust His Administrative Remedies Pursuant to the PLRA*

POINT II ............................................................................................................................... 14
    *The Complaint Fails to Allege a Plausible ADA Claim*

POINT III .............................................................................................................................. 17
    *The Complaint Fails to State an Eighth Amendment Violation*

POINT IV .............................................................................................................................. 18
    *The Complaint Should Be Dismissed Against the County*

POINT V ............................................................................................................................... 20
    *Plaintiff Failed to Allege Personal Involvement of the Defendants*

CONCLUSION ...................................................................................................................... 22

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Orange Cty.*
　2014 U.S. Dist. LEXIS 165620 (S.D.N.Y. November 12, 2014) ...........................................19

*A.T. v. Harder*
　298 F. Supp. 3d 391 (N.D.N.Y. 2018) ..................................................................................10

*Allah v. Annucci*
　2017 U.S. Dist. LEXIS 145104 (S.D.N.Y. September 7, 2017)....................................11,20,21

*Alsaifullah v. Furco*
　2013 U.S. Dist. LEXIS 110398 (S.D.N.Y. August 2, 2013) ..................................................2,16

*Alster v. Goord*
　745 F. Supp. 2d 317 (S.D. N. Y. 2010)..................................................................................13

*Aragon v. New York*
　2017 U.S. Dist. LEXIS 96680 (S.D.N.Y. June 22, 2017).......................................................10

*Arnold v. Westchester Count*
　2010 U.S. Dist. LEXIS 90799  (S.D.N.Y. April 16, 2010).......................................................12

*Ashcroft v. Iqbal*
　556 U.S. 662, 129 S. Ct. 1937 (2009)..................................................................................2,4

*Atkins v. County of Orange*
　251 F. Supp. 2d 1225 (S.D.N.Y. 2003)..................................................................................15

*Banks v. Stewart*
　2010 U.S. Dist. LEXIS 67947 (S.D.N.Y. July 6, 2010) .........................................................12

*Brevil v. Cty. of Rockland*
　2017 U.S. Dist. LEXIS 177644 (S.D.N.Y. October 25, 2017) .................................................19

*Boddie v. Bradle*
　2006 U.S. Dist. LEXIS 4851 (N.D.N.Y. Jan. 20, 2006)...........................................................14

*Bd. of County Comm'rs v. Brown*
   520 U.S. 397 (1997).............................................................................................7

*Burgess v. Goord*
   1999 U.S. Dist. LEXIS 611 (S.D.N.Y. 1999)............................................................16

*Burgess v. Superintendent of Otisville Corr. Facility*
   2016 U.S. Dist. LEXIS 161122 (S.D.N.Y. November 21, 2016)..............................15

*Campbell v. Rackoff*
   2014 U.S. Dist. LEXIS 124553 (E.D.N.Y. January 27, 2014)...................................8

*Cancel v. Goord*
   2001 U.S. Dist. LEXIS 3440 (S.D.N.Y. March 29, 2001).......................................13

*Carrasquillo v City of New York*
   324 F. Supp. 2d 428 (S.D.N.Y. 2004)....................................................................16

*Chavis v. Chappius*
   618 F. 3d 162 (2d Cir. 2010)..................................................................................4

*City of St. Louis v. Praprotnik*
   485 U.S. 112 (1988)...............................................................................................6

*Clancy v. Town of Southold*
   2018 U.S. Dist. LEXIS 149218 (E.D.N.Y. August 31, 2018....................................20

*Collins v. Fischer*
   2018 U.S. Dist. LEXIS 54722 (S.D.N.Y. March 30, 2018)......................................10

*Colon v. Coughlin*
   58 F. 3d 865 (2d Cir. 1995)..............................................................................11,20

*Corbett v. City of New York*
   2016 U.S. Dist. LEXIS 178037 (S.D.N.Y. December 22, 2016)..............................19

*Darnell v. Pineiro*
   849 F. 3d 17 (2d Cir. 2017)...............................................................................9,10

*Dava v. City of New York*
    2016 U.S. Dist. LEXIS 115639 (S.D.N.Y. August 29, 2016) .................................................19

*Davis v. Perdue*
    2013 U. S. Dist. LEXIS 185108 (N.D.N.Y. March 7, 2010).....................................................17

*Dobek v. Leanaweaver*
    2016 U.S. Dist. LEXIS 103478 (S.D.N.Y. Aug. 5, 2016)...........................................5

*De Jesus v. Sears, Roebuck & Co*
    87 F.3d 65 (2d Cir. 1996)........................................................................................................16

*Devivo v. Butler*
    1998 U.S. Dist. LEXIS 17719 (S.D.N.Y. 1998) ......................................................................16

*Edwards v. Horn*
    2012 U.S. Dist. LEXIS 30968 (S.D.N.Y. 2012). ......................................................................15

*Figueroa v. Cty. of Rockland*
    2018 U. S. Dist. LEXIS 112011 (S.D.N.Y. July 5, 2018) .........................................................17

*France v. County of Westchester et al.*
    2016 U.S. Dist. LEXIS 44287 (S.D.N.Y. May 30, 2016).........................................................19

*Gangloff v. Poccia*
    888 F. Supp. 1549 (M.D. Fla. 1995) .......................................................................................14

*Goodwin v. Kennedy*
    2015 U. S. Dist. LEXIS 29282 (E.D.N.Y. February 6, 2015)...........................................5

*Gregory v. City of New York*
    2018 U. S. Dist. LEXIS 57132 (E.D.N.Y. April 3, 2018) .........................................................18

*Grullon v. City of New Haven*
    770 F. 3d 133 (2d Cir. 2013)...............................................................................................11,20

*Hanner v. Westchester Cty*
  2017 U.S. Dist. LEXIS 203401 (S.D.N.Y. December 11, 2017)....................................7

*Hayes v. County Of Sullivan*
  853 F. Supp. 2d 400 (S.D.N.Y. 2012)..........................................................................13

*Johnson v. New York City*
  2011 U.S. Dist. LEXIS 47679 (S.D.N.Y. April 29, 2011)........................................4,10

*Kasiem v. Switz*
  756 F. Supp. 2d 570, 574 (S.D.N.Y. 2010)........................................................,5

*Kendricks v. Westhab, Inc*
  163 F. Supp. 2d 263 (S.D.N.Y. 2001).........................................................................15

*Leneau v. Ponte*
  2018 U.S. Dist. LEXIS 12272 (S.D.N.Y. January 25, 2018).....................................22

*Leon v. City of New York*
  2014 U.S. Dist. LEXIS 95724      (S.D.N.Y. July 10, 2014).....................................6

*Lyons v. Legal Aid Soc.*
  68 F.3d 151 (2d Cir.1995)...........................................................................................15

*Martinez v. Loughren,*
  2018 U.S. Dist. LEXIS 40354 (E.D.N.Y. March 8, 2018) ........................................22

*McCarthy v. Dun & Bradstreet Corp.*
  482 F. 3d 184 (2d Cir. 2007)........................................................................3

*Medina v. Kaplan*
  2018 U.S. Dist. LEXIS 20980 (S.D.N.Y. February 8, 2018).....................................21

*Mobley v. Ogara*
  2006 U.S. Dist. LEXIS 5092 (E.D.N.Y. 2006).........................................................12

*Monell v. Dep't of Soc. Servs*
  436 U.S. 658 (1978)...........................................................................................2,6,18

*Orraca v. Palmer*
   2006 U.S. Dist. LEXIS 101427 (S.D.N.Y. May 11, 2006)........................................................10

*Piper v. City of New York*
   2004 U.S. Dist. LEXIS 29214 (S.D.N.Y. March 17, 2004)........................................................12

*P&J Empire Auto, Inc. v. Town of Newburgh*
   2018 U.S. Dist. LEXIS 38661 (S.D.N.Y. March 8, 2018)............................................3

*Portillo v. City of New York*
   2018 U.S. Dist. LEXIS 99364 (S.D.N.Y. June 12, 2018)............................................6

*Ramrattan* v. *Fischer*
   2015 U.S. Dist. LEXIS 74510 (S.D.N.Y. June 9, 2015)............................................8,16

*Rennalls v. Alfredo*
   2015 U.S. Dist. LEXIS 133641 (S.D.N.Y. September 30, 2015)...........................................19

*Rodriguez v. City of New York*
   2018 U.S. Dist. LEXIS 39132 (S.D.N.Y. March 9, 2018)........................................................10

*Roe v. City of Waterbury*
   542 F. 3d 31, 36 (2d Cir. 2008)6,7

*Samuels v. Fischer*
   168 F. Supp. 3d 625 (S.D.N.Y. 2016)......................................................................................22

*Saunders v. Goord*
   2002 U.S. Dist. LEXIS 13772 (S.D.N.Y. 2002)......................................................................13

*Scalpi v. Town of E. Fishkil*
   2016 U.S. Dist. LEXIS 24521 (S.D.N.Y. February 29, 2016)....................................4,18

*Scott v. Fische*
   616 F. 3d 100 (2d Cir. 2010)....................................................................................................11

*Segal v. City of New York*
   459 F. 3d 207 (2d Cir. 2006)....................................................................................................18

*Semprit v. City of New York*
　2016 U.S. Dist. LEXIS 103836 (S.D.N.Y. August 5, 2016) ....................................................19

*Shariff v. Coomb*
　655 F. Supp. 2d 274 (S.D.N.Y. 2009)......................................................................................17

*Smith v. Collins*
　2016 U.S. Dist. LEXIS 23710 (S.D.N.Y. February 26, 2016)..................................................24

*Tantaros v. Fox News Network, LLC*
　2018 U.S. Dist. LEXIS 85102 (S.D.N.Y. May 18, 2018..............................................................*4*

*Triano v. Town of Harrison*
　895 F. Supp. 2d 526 (S.D.N.Y. 2012)..........................................................................................7

*Velasquez v. City of New York*
　2012 U.S. Dist. LEXIS 166485 (E.D.N.Y. November 21, 2012)............................................10

*Wallace v. New York*
　40 F. Supp. 3d 278, 294-95 (E.D.N.Y. 2014)............................................................................4

*Weyant v. Okst*
　101 F. 3d 845, 856 (2d Cir. 1996)...............................................................................................8

*Willey v. Kirkpatrick*
　801 F. 3d 51, 68 (2d Cir. 2015)...................................................................................................9

*Williams v. Koenigsmann*
　2005 U.S. Dist. LEXIS 8749 (S.D.N.Y. May 9, 2005)........................................................12,13

*Wilson v. Merrill Lynch & Co., Inc.*
　671 F. 3d 120 (2d Cir. 2011).................................................................................................2,3,5

*Woodhouse v. City of Mt. Vernon*
　2016 U.S. Dist. LEXIS 10098.....................................................................................................14

*Woods v. Mille*
　387 F. 2d 519 (N.D.N.Y. August 1, 2017)................................................................................11

*Wray v. City of New York*
　490 F. 3d 189, 195 (2d Cir. 2009)................................................................................................7

## PRELIMINARY STATEMENT

This Memorandum of Law is respectfully submitted on behalf of Defendant Westchester County ("County"), Francis Delgrosso ("Delgrosso"), Leandro Diaz ("Diaz"), Joseph Spano (Spano") and Karl Vollmer ("Vollmer")[1] (hereinafter collectively referred to as "County Defendants") in support of their motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). *Pro se* Plaintiff Davonte Hamilton ("Plaintiff") seeks compensatory damages in the amount of $350,000.00 "jointly and severally against all of the defendants" and $1,000,000.00 in punitive damages against all Defendants claiming that his Federal and Constitutional rights were violated while he was a pretrial detainee at the Westchester County Jail.

In this civil rights action, which was filed on or about September 13, 2018, and despite the fact that Plaintiff concedes that he failed to exhaust his administrative remedies, Plaintiff claims that his rights under 42 U.S.C. §1983 ("§1983") were violated by the County Defendants after he fell during a full court basketball game on August 21, 2018 and his injuries required him to use crutches. As set forth more fully herein, Plaintiff asserts a violation of his rights under Title II of the Americans With Disabilities Act ("ADA") because he claims he was forced to step up and down when entering and exiting the shower and there were no benches for him to sit on when showering, his crutches made it difficult for him to participate in outside recreation and he was searched after a family visit and not given a bench on which to sit.

Plaintiff also claims that the conditions in his housing unit, including poor air circulation, violated his Eighth Amendment rights. This action should be dismissed for the following

---

[1] The arguments raised in this motion are in addition to those addressed in the motion to dismiss and supporting papers submitted by Barclay Damon, LLP ("CCS Defendants") on behalf of the County of Westchester in connection with any allegations that relate to medical care and/or treatment and to the fact that upon information and belief, Plaintiff did not file a Notice of Claim.

reasons: 1) Plaintiff failed to exhaust his administrative remedies; 2) Plaintiff failed to allege a violation of his federal (ADA)[2] or constitutional (Eighth Amendment) rights; 3) Plaintiff failed to allege that he was injured as a result of an unconstitutional municipal custom or practice. *See, Monell v. Dep't of Soc. Servs*, 436 U.S. 658 (1978); and 4) Plaintiff failed to allege the personal involvement of any of the individual Defendants.

## FACTS ALLEGED IN THE COMPLAINT[3]

The facts as alleged are as follows:

- On August 21, 2018 while playing basketball with other inmates at the outdoor recreation yard, he stepped into a "crumbled piece of concrete, that was cracked and missing portions." Presumably, as a result of his basketball injuries, Plaintiff was given crutches to be able to navigate the jail. *See,* Complaint, ¶¶ 14 and 15.

- The "entire flooring" was cracked and had been for an extended duration (30 years). *Id*. at ¶ 15.

- That day when he returned to his housing unit at 1-East, which also has general walkways which are "cracked, broken and flooring that is missing portions", it was difficult to navigate." *Id*. at ¶¶ 16 and 21.

- The shower in 1-East did not have a bench and/or a rail to assist Plaintiff while he was on crutches, nor was there a rubber mat in the shower and Plaintiff had to step up "approx. 2 and ½ feet and 2 and ½ drop to exi", which caused him "excruciating pain". He was forced to stand on crutches in the shower "which always seemed physically impractical." *Id*. at ¶ 17.

- On or about September 9, 2018, Plaintiff had a family visit and upon leaving, he was directed to a "strip frisk" despite the fact that he had a physical injury and he had to "stand on his injury causing severe pain" because the search area did not have a bench or rail 'to assist him while undressing." *Id*. at ¶ 18.

- He attended outside recreation while on crutches but it was difficult because he could not navigate the steps and there were no ramps. *Id*. at ¶¶ 20 and 42.

---

[2] There is no personal liability under the ADA. *See, Alsaifullah v. Furco*, 12-cv-2907 (ER), 2013 U.S. Dist. LEXIS 110398, at *56-57 (S.D.N.Y. August 2, 2013)(*citations omitted*).
[3] The facts alleged in the Complaint are accepted as true, only for the purposes of the instant motion. *See, Wilson v. Merrill Lynch & Co., Inc*., 671 F. 3d 120, 128 (2d Cir. 2011), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).

- His housing Unit-1 East did not have adequate ventilation-windows were closed, there was "no central air or exhaust," …air is humid and stagnated making it difficult to breathe, and the ceilings…get covered in water drops which creates rust and then the rust water drips everywhere, on you, your bed and personal items." *Id*. at ¶ 22

- On or about August 28, 2018 on 1 East, Plaintiff filed a grievance with Sergeant Hollis ("Hollis') regarding the alleged condition in the courtyard which was accepted but Hollis failed to respond within 5 business days. *Id*. at ¶¶ 26 and 49.

- Plaintiff claims that Hollis' failure to timely respond caused Plaintiff to file an appeal directed to the grievance coordinator which was never answered or responded to. *Id*. at ¶ 49.

- Separately Plaintiff "attempted to file a grievance with Sergeant Kitt ("Kitt") on or around September 4, 2018, regarding the unbearable-heat, poor air circulation, no exhaust and the shower steam but Kitt refused Plaintiff's grievance". According to Plaintiff, Kitt stated "I am sick of you fucking cry babies this is jail handle it and he refused to accept" that grievance. *Id*. at ¶ 25. He admits that he did not exhaust the grievance procedures as to the "conditions of confinement" claim. *Id*. at ¶¶ 25-27.

- Each of the individual defendants are being sued based upon their respective positions (Commissioner, Acting Deputy Commissioner, etc.) at the WCDOC. *Id*. at ¶ 8-11. Plaintiff claims that they collectively knew about the floors in the large courtyard through unidentified grievance reports, previous unidentified inmate injuries and failed to take any action. They were on notice, as a group, of the conditions in the old jail and took no action. They as a group, learned through Plaintiff's one unexhausted grievance and other unidentified inmate grievances and they as a group, had daily meetings where Plaintiff believes that unspecified grievances were discussed. No dates, times or other details are provided. *Id*. a t¶ 26-28.

## LEGAL STANDARDS

### FRCP Rule 12(b)(6)

In deciding a Rule 12(b)(6) motion, courts must accept as true all factual statements alleged in the complaint and draw reasonable inferences in favor of the non-moving party. *See, Wilson v. Merrill Lynch & Co., Inc., supra; see also McCarthy v. Dun & Bradstreet Corp.*, 482 F. 3d 184, 191 (2d Cir. 2007). However, "legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss." *P&J Empire*

*Auto, Inc. v. Town of Newburgh*, 17-cv-2234 (VB), 2018 U.S. Dist. LEXIS 38661, at *6
(S.D.N.Y. March 8, 2018), *citing Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While *pro se* complaints should be construed liberally, "[e]ven in a *pro se* case . . .
threadbare recitals of the elements of a cause of action, supported by mere conclusory
statements, do not suffice," and courts may not "invent factual allegations [plaintiff] has not
pled." *See, Chavis v. Chappius*, 618 F. 3d 162, 170 (2d Cir. 2010) (*internal quotation marks
omitted*). Even a *pro se* plaintiff must plead "enough facts to state a claim for relief that is
plausible on its face." *See, Johnson v. City of New York*, 669 F. Supp. 2d 444, 448 (S.D.N.Y.
2009)(*citation and internal quotations omitted*). Additionally, as here, "the liberal treatment
afforded to *pro se* litigants does not exempt a *pro se* party from compliance *with* relevant rules of
procedural and substantive law." *Scalpi v. Town of E. Fishkill*, 14-cv-2126 (KMK), 2016 U.S.
Dist. LEXIS 24521, at *9 (S.D.N.Y. February 29, 2016)(*citation and internal quotations
omitted*).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-
specific task that requires the reviewing court to draw on its judicial experience and common
sense. But where the well-pleaded facts do not permit the court to infer more than the mere
possibility of misconduct, the complaint . . . has not shown [] that the pleader is entitled to
relief." *Ashcroft, supra* at 679 *(citations and quotation marks omitted)*. A *pro se* complaint must
still satisfy this plausibility standard, and thus only survives a motion to dismiss if it makes
factual allegations that "allow the Court, based on its judicial experience and common sense . . .
to make a reasonable inference that the defendant is liable for the misconduct alleged." *Wallace
v. New York*, 40 F. Supp. 3d 278, 294-95 (E.D.N.Y. 2014)*, citing Iqbal, supra* at 678-79. "Even
from pro se inmates, bald assertions and conclusions of law are not adequate. " *See, Tantaros v.*

4

*Fox News Network, LLC,* 17 cv-2958 (GBD), 2018 U.S. Dist. LEXIS 85102, at *14 (S.D.N.Y. May 18, 2018*)(citations omitted).*

## Section 1983 Actions

Section 1983 makes actionable violations of constitutional rights by persons acting under color of state law. To prevail on a §1983 claim, a plaintiff must establish that the challenged conduct was taken under color of state law and such conduct deprived plaintiff of a constitutional right. *See, Goodwin v. Kennedy*, 13-cv-1774 (SJF)(AKT), 2015 U. S. Dist. LEXIS 29282, at *15-16 (E.D.N.Y. February 6, 2015)(*citation omitted*). "Section 1983 does not create any independent substantive right, but rather is a vehicle to redress….the deprivation of [federal] rights established elsewhere." *Id.* at 16 (*citation and internal quotations omitted*).

## Exhaustion

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA applies to § 1983 claims brought by both sentenced prisoners and pretrial detainees. *Wilson v. Calderon*, No. 14-CV-6209 (GBD)(GWG), 2017 U.S. Dist. LEXIS 97964, at *17 (S.D.N.Y. June 26, 2017). Importantly, while a plaintiff need not *plead* exhaustion, dismissal is nevertheless warranted if failure to exhaust is clear from the face of the complaint. *See, Kasiem v. Switz,* 756 F. Supp. 2d 570, 574 (S.D.N.Y. 2010*) (citations omitted)*; *see also Dobek v. Leanaweaver,* No. 15-CV-7497 (LGS), 2016 U.S. Dist. LEXIS 103478, at *1 (S.D.N.Y. Aug. 5, 2016) (dismissing on PLRA grounds where failure to exhaust was clear on complaint's face); *Spurgeon v. Wettenstein,* 13-cv-8117 (AJN), 2015 U.S. Dist. LEXIS 39505, at *1 (S.D.N.Y.

5

March 26, 2015) (same); *Leon v. City of New York*, 13-cv-5407 (CM), 2014 U.S. Dist. LEXIS 95724, at *6 (S.D.N.Y. July 10, 2014) (same).

In *Ross v. Blake*, the Supreme Court overruled Second Circuit precedent that had created a "special circumstances" exception to the PLRA's exhaustion requirement, and held that as long as administrative remedies are "available" to an inmate, the requirement to exhaust them is mandatory. 136 S. Ct. 1850, 1857-59 (2016). The Supreme Court has defined "availability" to mean that "an inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (*citations and internal quotations omitted*). In *Ross*, the Supreme Court identified the following three situations where a grievance procedure is unavailable: 1) where an administrative procedure "operates as a simple dead end with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.*; 2) where an "administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* and 3) when "prison administrators thwart inmates from taking advantage of grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860; *see also*, *Portillo v. City of New York*, 17-cv-5448 (GHW), 2018 U.S. Dist. LEXIS 99364, at *9-10 (S.D.N.Y. June 12, 2018).

## *Monell* Claim Against the County

It is well-established that "to prevail on a claim against a municipality under §1983 based on acts of a public official, a plaintiff is required to prove…that an official policy of the municipality caused the constitutional injury." *See, Roe v. City of Waterbury*, 542 F. 3d 31, 36 (2d Cir. 2008), *citing, Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-91 (1978); *see also City of St. Louis v. Praprotnik*, 485 U.S. 112, 122 (1988)("governments should be held responsible when, and only when, their official policies cause their employees to

6

violate another person's constitutional rights"). "A municipality may not be found liable simply because one of its employees committed a tort." *Roe,* 542 F. 3d at 36, *citing Bd. of County Comm'rs v. Brown,* 520 U.S. 397, 405 (1997).

Instead, "[t]o hold a [municipality] liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York,* 490 F. 3d 189, 195 (2d Cir. 2009) (*citations and internal quotation marks omitted); see also Triano v. Town of Harrison*, 895 F. Supp. 2d 526, 531-522 (S.D.N.Y. 2012)(*citations omitted*). In order to allege such a policy or custom:

> "a plaintiff may assert one of the following: (1) the existence of a formal policy officially endorsed by the municipality; (2) actions taken or decisions made by municipal officials with final decision making authority, which caused the alleged violation of plaintiff's civil rights; (3) a practice so persistent and widespread that it constitutes a custom of which constructive knowledge can be implied on the part of the policymaking officials; or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to deliberate indifference to the rights of those who come in contact with the municipal employees."

*Hanner v. Westchester Cty.,* 16-cv-7610 (VB), 2017 U.S. Dist. LEXIS 203401, at *17-18 (S.D.N.Y. December 11, 2017) (*citation and internal quotation marks omitted*).

A *Monell* claim "cannot lie in the absence of an underlying constitutional violation." *See, Smith v. City of New York,* 15 cv-7910 (GHW), 2016 U.S. Dist. LEXIS 179482, at *15-16 (S.D.N.Y. December 28, 2016). Additionally, in the absence of any allegations concerning a custom or municipal policy that can be linked to Plaintiff's injury, there can be no *Monell* liability. *Id.* at 16.

## Title II of the ADA

"Title II of the ADA provides that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the

7

services, programs, or activities of a public entity, or be subjected to discrimination by such entity." *See, Turner v. The City*, 16-cv-8864 (PAE)(RWL), 2017 U.S. Dist. LEXIS 205235, at \*9 (S.D.N.Y. December 12, 2017)(*citation and internal quotations omitted*). "Title II of the ADA applies to inmates in state prisons. *Id*. (*citation omitted*). To state an ADA claim, an inmate must allege (1) that [s]he is a qualified individual with a disability; 2) that the defendants are subject to one of the Acts; and 3) that [s]he was denied the opportunity to participate in or benefits from defendants' services, programs or activities, or was otherwise discriminated aginst by defendants, by reason of [her] disability." *See, Campbell v. Rackoff*, 12-cv-2179 (CBA)(VMS), 2014 U.S. Dist. LEXIS 124553, at \*54-55 (E.D.N.Y. January 27, 2014)(*citations and internal quotations omitted*). "Critically, plaintiff must allege his mistreatment was motivated by either discriminatory animus or ill will due to his disability.' *See, Ramrattan* v. *Fischer*, 13-cv-6890 (KPF), 2015 U.S. Dist. LEXIS 74510, at \*11 (S.D.N.Y. June 9, 2015)(*citation and internal quotations omitted*). Conclusory allegations of discriminatory animus will not withstand a motion to dismiss. *See, Webb v. Arnone*, 17-cv-01624 (SRU), 2018 U.S. Dist. LEXIS 128482, at \*25-26 (D. Conn. August 1, 2018)(*citations omitted*)(where plaintiff alleged that he suffered from osteoarthritis in his knees and shoulders and is limited in one or more of his major life activities, he failed to allege an ADA violation because he did not assert that defendants treated him differently because of his arthritic condition).

Conditions of Confinement

As Plaintiff was a pretrial detainee at the time of the alleged incident, the Due Process Clause of the Fourteenth Amendment governs any claim of unconstitutional conditions of confinement. *See, Weyant v. Okst*, 101 F. 3d 845, 856 (2d Cir. 1996). In order to establish a §1983 claim for alleged unconstitutional conditions of confinement, a pretrial detainee must

demonstrate that "the officers acted with deliberate indifference to the challenged conditions." *See, Darnell v. Pineiro*, 849 F. 3d 17, 29 (2d Cir. 2017)*(citation omitted)*.

A pretrial detainee must "satisfy two prongs to prove a claim." The first prong is an objective one showing that the condition "either alone or in combination, pose an unreasonable risk of serious damage to his health." *Id*. at 30 (*citation omitted)*. Although there is no bright line test to determine when and whether a condition is "sufficiently serious," "the conditions themselves must be evaluated in light of contemporary standards of decency." *Id*. (*citation and internal quotations omitted)*. In evaluating an inmate's claim for exposure to unsanitary conditions, the Second Circuit assesses such claims based upon both the "severity and the duration on a case by case basis." *Id*. at 30-31 *(citations omitted)*[4]. Conditions of confinement can only rise to the level of a constitutional violation "when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise." *Id*. at 30 *(citation omitted)*.

The second prong an inmate must allege is the Defendant's "deliberate indifference to any objectively serious condition of confinement." *Id*. at 32. The Court explained that "deliberate indifference" is "synonymous with recklessness: and the "*mens rea* prong" or mental element prong." *Id*. To prove this prong, "the detainee must show that the official [1] acted intentionally to impose the alleged condition, or [2] recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or

_____

[4] The detainee's resulting injury is not the focus of a unconstitutional unsanitary condition claim. Rather, the severity and duration are the real test. *See, Darnell, supra* at 30, *citing Willey* v. *Kirkpatrick*, 801 F. 3d 51, 68 (2d Cir. 2015). Conditions that have nothing to do with sanitation (such as poor air circulation or being kept naked) can exacerbate the harmful effects of unsanitary conditions." *Id*. at 32.

9

safety." *See, Rodriguez v. City of New York*, 15 cv-07945, 2018 U.S. Dist. LEXIS 39132, at \*9-10 (S.D.N.Y. March 9, 2018), *citing Darnell, supra* at 31.

Mere negligence will not satisfy the second prong[5]. *See, A.T. v. Harder*, 298 F. Supp. 3d 391, 413 (N.D.N.Y. 2018); *see also Collins v. Fischer*, 15 cv-103 (KMK), 2018 U.S. Dist. LEXIS 54722 (S.D.N.Y. March 30, 2018)(an inmate who alleged that he was subjected to "very cold" temperatures for 2-3 day periods did not meet the objective standard for an Eighth Amendment conditions of confinement claim); *Woods v. Miller*, 387 F. 2d 519 (N.D.N.Y. August 1, 2017)(where an inmate was not exposed to "bitter cold" for a "prolonged period", there was no claim for unconstitutional conditions of confinement under the Eighth Amendment); *Aragon v. New York*, 14 cv-9797 (ER), 2017 U.S. Dist. LEXIS 96680, at \*9 (S.D.N.Y. June 22, 2017)(exposure to asbestos, roaches, lead poisoning, etc did not satisfy the objective standard in an Eighth Amendment conditions of confinement claim).

An inmate who alleges that he was exposed to a substantial risk of serious harm or was denied the "minimal civilized measure of life's necessities" sufficient to rise to the level of a constitutional deprivation must allege more than negligence. *See, Johnson v. New York City*, 10 cv-6193 (PKC)(JLC), 10 cv-5359 (PKC)(JLC), 2011 U.S. Dist. LEXIS 47679, at \*12-13 (S.D.N.Y. April 29, 2011)(slippery wet floors is not actionable as a violation of the US Constitution, nor is exposure to excessive heat); *see also, Velasquez v. City of New York*, 12 cv-4689, 2012 U.S. Dist. LEXIS 166485 (E.D.N.Y. November 21, 2012)(inmate's allegation that the recreation yard was "maliciously maintained", had "cracked up concrete", and was "unlevel" amounted to negligence and did not constitute "deliberate indifference"); *Orraca v. Palmer*, 05 cv-1857 (CLB)(LMS), 2006 U.S. Dist. LEXIS 101427, at \*18-20 (S.D.N.Y. May 11,

---

Upon information and belief, Plaintiff failed to file a Notice of Claim.

2006)("failure to exercise reasonable care to repair defective ceilings or to remove puddles of water that had accumulated as a result did not rise to the level of a constitutional violation).

### Personal Involvement

Personal involvement by an individually named defendant in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983. *See, Colon v. Coughlin*, 58 F. 3d 865, 873 (2d Cir. 1995); *See also Grullon v. City of New Haven*, 770 F. 3d 133, 138 (2d Cir. 2013). Because defendants in a §1983 lawsuit cannot be liable under a *respondeat superior* theory, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the [law]." *See, Allah v. Annucci*, 16 cv-1841 (KMK), 2017 U.S. Dist. LEXIS 145104, at *16-17 (S.D.N.Y. September 7, 2017)(*citations and internal quotations omitted*). "). "[L]ack of alleged personal involvement or knowledge bars any claim that . . . defendants can be held liable." *Scott v. Fischer*, 616 F. 3d 100, 110 (2d Cir. 2010) (affirming dismissal of § 1983 action).

### **POINT I**

#### *Plaintiff Failed to Exhaust His Administrative Remedies Pursuant to the PLRA*

The Supreme Court emphasized that exhaustion is "mandatory" under the PLRA, "[a]nd that mandatory language means a court may not excuse a failure to exhaust." *Ross v. Blake*, 136 The PLRA applies here because Plaintiff brought this action while confined at the Westchester County jail and he is still incarcerated at another facility. *See* 42 U.S.C. § 1997e(a). It is clear from the face of his Complaint that Plaintiff did not properly exhaust his administrative remedies prior to doing so. As to the condition of the basketball court on August 21, 2018 when he fell and claims to have sustained a torn meniscus for which he was given crutches, Plaintiff states that he filed a grievance on August 28, 2018, with Hollis, it was accepted but Hollis failed to

11

timely respond and Plaintiff filed an appeal for which he never received an answer. *See,* Complaint, at ¶¶ 26 and 49. In other words, the Complaint itself reveals that Plaintiff failed to follow the WCJ's mandatory grievance procedure, which includes "a formal grievance . . . using forms from the Block Officer or the facility's law library," and two levels of appeal: to the Facility Grievance Coordinator, and to the N.Y.S. Commission of Correction's Citizen's Policy and Complaint Review Council. *See Arnold v. Westchester County,* 09-cv-3727 (JSR)(GWG), 2010 U.S. Dist. LEXIS 90799, at *13-14 (S.D.N.Y. April 16, 2010) (explaining the WCJ's grievance procedure). This failure warrants dismissal. *See, e.g., Kasiem, supra* at 574.

Giving notice to facility personnel *is not enough*, "because "a prisoner must pursue all levels of the administrative procedure, even when he does not receive a response to his initial grievance, in order to properly exhaust." *Banks v. Stewart,* 08-cv-7463 (RJS)(THK), 2010 U.S. Dist. LEXIS 67947, at *4 (S.D.N.Y. July 6, 2010) *(emphasis added) (citations omitted).* And, as previously noted, "strict compliance with the [prison's grievance] procedure is required." *Id.; see also Williams,* 2005 U.S. Dist. LEXIS 26143, at *29.

As to Plaintiff's other conditions of confinement claim regarding the alleged unbearable heat, poor air circulation and shower steam, Plaintiff states that he "attempted to file a grievance with Sergeant Kitt" but that "Sergeant Kitt refused Plaintiff's grievance." *See,* Complaint, ¶ 25. However, this alleged "attempt" fails to fulfill or excuse Plaintiff's obligation to fully exhaust his administrative remedies by way of the established grievance procedure. A refusal of Plaintiff's attempt to file a grievance could be considered a "non-response," which would still impose the obligation upon Plaintiff to appeal said "non-response" pursuant to the established grievance procedure. *See, Mobley v. Ogara,* 02-cv-6605 (DRH)(MLO), 2006 U.S. Dist. LEXIS 5092, at *8-9 (E.D.N.Y. 2006); *see also, Piper v. City of New* York, 02-cv 1708 (WHP), 2004 U.S. Dist.

LEXIS 29214 at *8-9 (S.D.N.Y. March 17, 2004)(plaintiff had not satisfied the exhaustion

requirement since he failed to appeal the Warden's non-response to the CORC or the Board of

Correction); *Saunders v. Goord*, 98 Civ. 8501 (JGK), 2002 U.S. Dist. LEXIS 13772, at *8-10

(S.D.N.Y. 2002)(finding that even if plaintiff did not receive responses directed toward some

grievances, the plaintiff was required, at a minimum, to make reasonable attempts to appeal

those grievances before bringing an action in federal court).

Moreover, this alleged refusal asserted by Plaintiff fails to constitute a viable

constitutional violation. Refusal of an inmate's grievance does not constitute a violation of a

constitutional right because there is no constitutional right to a prison grievance procedure. *See,*

*Hayes v. County Of Sullivan*, 853 F. Supp. 2d 400, 434 (S.D.N.Y. 2012)(a prisoner has no

constitutional right to a prison grievance procedure or to have his grievances investigated); *see*

*also*, *Cancel v. Goord*, 00 Civ. 2042 (LMM), 2001 U.S. Dist. LEXIS 3440, at *3 (S.D.N.Y.

March 29, 2001)(inmate grievance procedures are not required by the Constitution and therefore

a violation of such procedures does not give rise to a claim under §1983).

It is also clear from the face of the Complaint that any grievance Plaintiff may have

pursued did not address the individual Defendants' alleged deliberate indifference or any ADA

claim. In other words, even if Plaintiff did follow the proper grievance procedure, he failed to do

so regarding *these issues*, again warranting dismissal. *See Williams v. Koenigsmann*, 03-cv-5267

(SAS)(RLE), 2005 U.S. Dist. LEXIS 8749, at *13-14 (S.D.N.Y. May 9, 2005) ("The entirely

separate issue of plaintiff's treatment at the pain management clinic was . . . not appealed, yet it

was an appealable grievance. Accordingly, Plaintiff has failed to exhaust his administrative

remedies with respect to [this] claim which must therefore be dismissed."); *see also Alster v.*

*Goord*, 745 F. Supp. 2d 317, 332 (S.D. N. Y. 2010)(an inmate asserting an ADA claim in federal

court must first exhaust the prison grievance procedure under the PLRA); *Boddie v. Bradley,* 99-cv-1016 (TJM), 2006 U.S. Dist. LEXIS 4851, at \*12 n.3 (N.D.N.Y. Jan. 20, 2006) ("[e]vidence of exhaustion of remedies in one claim does not prove that the administrative remedies are exhausted in other claims").

The Complaint further reflects Plaintiff's failure to pursue a grievance against the four individual Defendants themselves. This failure also warrants dismissal of the action against them. *See Gangloff v. Poccia,* 888 F. Supp. 1549, 1560 (M.D. Fla. 1995) (dismissing claim against defendant prison officer where plaintiff "has not filed any grievances against [him]"). In sum, Plaintiff's failure to exhaust his administrative remedies—which is clear from the face of his Complaint—should not be excused, and this action should be dismissed under the PLRA. *See Ross,* 136 S. Ct. at 1856.

Accordingly, Plaintiff's claims under §1983 must be dismissed. See, *Woodhouse v. City of Mt. Vernon,* 1:13-cv-00189 (ALC)(HBP), 1:13-cv-01165 (ALC)(HBP), 2016 U.S. Dist. LEXIS 10098, at \*26-31 (S.D.N.Y. 2016)(motion to dismiss first amendment claim granted where sergeant's refusal of inmate's grievance did not establish a constitutional violation).

## POINT II

*The Complaint Fails to Allege a Plausible ADA Claim*

Plaintiff's ADA claim is predicated upon the following: 1) there is no bench to sit on when being searched after a family visit and Plaintiff had to stand on his crutches while being searched and 2) his housing unit did not have a shower with rails and or bench; and 3) he "was forced to engage in recreation by climbing stairs" because there was no ramp. *See,* Complaint, ¶¶ 41-42.

Plaintiff fails to meet all three of the required prongs of an ADA claim. First, Plaintiff fails to allege that he suffers from a "disability" within the meaning of the statute. *Lyons v. Legal Aid Soc.,* 68 F.3d 1512, 1515 (2d Cir.1995); *see also, Kendricks v. Westhab, Inc.,* 163 F. Supp. 2d 263, 268 (S.D.N.Y. 2001). The sole fact that he claims to have injured his knee without more does not satisfy this prong.

Even if the Court were to determine that Plaintiff's alleged basketball injury constitutes a disability within the meaning of the ADA, he fails to meet the second and third required elements of an ADA claim. Specifically, Plaintiff does not allege sufficient facts to suggest that he was "excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity," or that "such exclusion or discrimination was due to his disability." *Edwards v. Horn,* 10-cv-6194, 2012 U.S. Dist. LEXIS 30968, at **71-72 (S.D.N.Y. 2012). To state a claim for discrimination, Plaintiffs must allege that they were subject to disparate treatment due to their disability. *See, Atkins v. County of Orange,* 251 F. Supp. 2d 1225 (S.D.N.Y. 2003)(ADA and Rehabilitation Act claims dismissed for failure to allege disparate treatment) ); *see also Burgess v. Superintendent of Otisville Corr. Facility,* 15-cv- 9256 (VB), 2016 U.S. Dist. LEXIS 161122, at FN4 (S.D.N.Y. November 21, 2016)(where plaintiff inmate suffered from, *inter alia,* arthritis in his knee which limited his ability to walk and required him to use a cane, the lack of hand rails in the showers and failure to post reasonable accommodation notices in the housing areas did not state a claim under the ADA because plaintiff was not treated differently from fellow inmates as these "benefits" were denied them equally).

Plaintiff's claim that, "he could no longer attend recreation outside...because he has to walk up and down stairs to reach said areas", and there are no ramps does not remedy this defect

especially since he later asserts that he was attending outside recreation but it was difficult to navigate. *See,* Complaint, ¶¶ 20 and 42. Based upon the facts alleged, Plaintiff was not excluded from any program as he was still able to participate in recreational activities, showers and family visits. Moreover, there are no allegations that Plaintiff was excluded from any program because of a qualifying disability. This is not sufficient to state a claim of exclusion or discrimination. *See, Burgess v. Goord,* 98 Civ. 2077 (SAS), 1999 U.S. Dist. LEXIS 611, at *20-21 (S.D.N.Y. 1999)(allegation that inmate plaintiff's inability to use elevator made it more difficult to access recreation yard or religious service was "not tantamount to stating a claim of exclusion or discrimination."); *see also Ramrattan, supra* at 13 ("ADA claim dismissed where plaintiff inmate "alleged only that he had difficulty walking to the law library and infirmary, not that he was prevented altogether from accessing them."), *citing Carrasquillo v City of New York,* 324 F. Supp. 2d 428, 443 (S.D.N.Y. 2004). Plaintiff's conclusory allegations that his rights under the ADA and the Rehabilitation Act were violated are insufficient to state a claim under these statutes. *See, Devivo v. Butler,* 97 Civ. 7919, 1998 U.S. Dist. LEXIS 17719, at *4 (S.D.N.Y. 1998)(ADA and Rehabilitation Act claims dismissed where plaintiff did not allege that he was removed from unit because of his disabilities); *see also, De Jesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 70 (2d Cir. 1996)("conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.")(*internal citations omitted*).

Here, as in *Alsaifullafh, supra* at 59-61, the "Court need not engage in an extensive analysis of the ADA requirements because Plaintiff makes absolutely no allegation that he was discriminated against, or that defendants failed to provide him with a reasonable accommodation because of his disability." *(citations omitted).*

## POINT III

*The Complaint Fails to State an Eighth Amendment Violation*

Even if Plaintiff had complied with the PLRA, which he did not this claim is defective as

a matter of law. The conditions of confinement of which Plaintiff complains include "poor

ventilation, damaged flooring, lack of benches and/or shower rails" and the steps all inmates

must take to enter and exit the shower stalls and a "waxed slippery floor" these alleged

conditions do not constitute violations of the Eighth Amendment. *See, Shariff v. Coombe*, 655 F.

Supp. 2d 274, 301 (S.D.N.Y. 2009)("failure to provide non-slip mats in showers to prevent

inmates from falling on slippery floors do not rise to the level of an Eighth Amendment

violation")(*citation omitted*); *see also Davis v. Perdue*, 2011-cv-1139 (GLS/TWD), 2013 U. S.

Dist. LEXIS 185108, at *22-23 (N.D.N.Y. March 7, 2010) (lack of adequate ventilation does not

trigger a violation of Eighth Amendment)(*citations omitted*); *Shariff, supra* at 300-01 (condition

of the facility's yards, "including the existence of potholes, broken concrete, guardhouses or

other conditions that create accessibility issues...does not constitute a violation of the Eighth

Amendment.")(*citations omitted*); *Figueroa v. Cty. of Rockland*, 16-cv-6519 (NSR), 2018 U. S.

Dist. LEXIS 112011, at *18 (S.D.N.Y. July 5, 2018)(Eighth Amendment claim dismissed where

plaintiff inmate claimed no ventilation, etc because, *inter alia*, there were no details as to the

duration that plaintiff was exposed to the conditions).

As in *Figueroa, supra*, Plaintiff has not met the second prong of the deliberate

indifference test because the complaint is devoid of any facts that the individual Defendants

acted recklessly or intentionally. *Id. (citation omitted)*. Plaintiff only provides conclusory

statements that individuals were on "Notice of the conditions of confinement and took no action"

and had daily meetings where grievances are discussed." See Complaint, ¶¶ 26-28. In the

absence of specific facts suggesting that Spano, Delgrosso, Diaz, and Vollmer "intentionally subjected Plaintiff to the conditions or recklessly failed to act when they knew or should have known that the conditions posed an excessive risk to" plaintiff's health or safety, this claim should be dismissed. *Id.* at 20-21.

## POINT IV

### *The Complaint Should Be Dismissed Against the County*

Because there is no underlying constitutional violation, there can be no *Monell* liability against the County. *See, Segal v. City of New York*, 459 F. 3d 207, 219 (2d Cir. 2006); *see also Smith v. City of New York, supra* (*citations omitted*). In any event, the County must nonetheless be dismissed because Plaintiff has failed to allege that he was injured as a result of any "policy, custom or practice" of the County. *Monell, supra* at 694.

Therefore, "in the absence of detailed allegations about any municipal policy or custom" there can be no municipal liability and this action should be dismissed. *See, Scalpi v.Town of E. Fishkill, supra* at * 9. Here, the complaint is simply devoid of any allegation that 'could lead to the inference that an official..policy, practice or custom caused plaintiff's alleged constitutional injuries". *See, Gregory v. City of New York*, 18 cv-320 (PKC)(LB), 2018 U. S. Dist. LEXIS 57132, at *5 (E.D.N.Y. April 3, 2018).

The Complaint is devoid of any facts to support a *Monell* claim. Instead, Plaintiff claims, in a purely conclusory manner that

- "defendants here failed to adequately train, and supervise defendants, who have a custom and usage of allowing hazardous conditions to remain dangerous until someone is hurt. And even then most of the time the condition remains in effect exposing WCDOC inmates to serious physical injuries. The country (sp) has grossly supervised its employers for such a duration that they are the constant targets of federal lawsuits in this courthouse for similar conduct."

To the extent that this claim is based upon Plaintiff's basketball injury on August 21, 2018 that cannot form the basis of *a Monell* claim. See, *Rennalls v. Alfredo*, 12 cv-5300 (KMK), 2015 U.S. Dist. LEXIS 133641, at *25-26 (S.D.N.Y. September 30, 2015)(single incident is generally insufficient to establish a *Monell* claim); *Brevil v. Cty. of Rockland*, No. 15-cv-5103 (VB), 2017 U.S. Dist. LEXIS 177644, at *14-15 (S.D.N.Y. October 25, 2017) (dismissing claim against municipality where "amended complaint only contain[ed] allegations related to the treatment of plaintiff individually);

Even a *pro se* Plaintiff must still allege more than conclusory allegations in order to state a *Monell* claim. *See, Semprit v. City of New York*, 15-cv-09932 (PAE)(JCF), 2016 U.S. Dist. LEXIS 103836, at *11-12 (S.D.N.Y. August 5, 2016); *see also France v. County of Westchester et al.*, 12-cv-05576 (KMK), 2016 U.S. Dist. LEXIS 44287, at *33-35 (S.D.N.Y. May 30, 2016). Conclusory allegations, as set forth here are insufficient to state a plausible *Monell* claim. *Id.* at 37 *Adams v. Orange Cty.*, No. 13-cv-8549 (VB), 2014 U.S. Dist. LEXIS 165620, at *11 (S.D.N.Y. November 12, 2014) (dismissing claim against municipality where "plaintiff failed to allege a municipal policy or custom caused his injuries")

When a plaintiff fails to allege specific factual allegations on a "failure to train" theory, the Court will dismiss that claim. *See, Dava v. City of New York*, 15-cv 08575 (ALC), 2016 U.S. Dist. LEXIS 115639, at * 25-26 (S.D.N.Y. August 29, 2016)(*citation omitted);* See *also Corbett v. City of New York,* 15 CV 09214 (GHW), 2016 U.S. Dist. LEXIS 178037, at *10-11 (S.D.N.Y. December 22, 2016), *citing Smith v. Collins*, 15 CV 216 (PAE), 2016 U.S. Dist. LEXIS 23710 (S.D.N.Y. February 26, 2016("While it may be true that Section 1983 plaintiffs cannot be expected to know the details of a municipality's training programs prior to discovery... this does

not relieve them of their obligation under *Iqubal* to plead a facially plausible claim")(*citation and internal quotations omitted*).

Where, as here, Plaintiff uses the buzz words, "failed to supervise" in an attempt to assert a *Monell* claim, he must assert facts to support it showing that "the policymaking officials were deliberately indifferent" and that they had notice of a "potentially serious problem of unconstitutional conduct, such that the need for corrective action or supervision was obvious and that the policymaker's failure to investigate or rectify the situation evidences deliberate indifference rather than mere negligence or bureaucratic inactions." *See, Clancy v. Town of Southold,* 15-cv-7321 (DRH)(SIL), 2018 U.S. Dist. LEXIS 149218, at *13-14 (E.D.N.Y. August 31, 2018(*citation and internal quotations omitted*).

## POINT V  ·

### *Plaintiff Failed to Allege Personal Involvement of the Defendants*

Plaintiff has named 4 individuals and is seeking more than $1,000.000.00 against them yet he has failed to allege that any of the Defendants were personally involved in violating his constitutional rights. As set forth herein, personal involvement by an individually named defendant in an alleged constitutional deprivation is a prerequisite to an award of damages under § 1983. *See, Colon v. Coughlin,* 58 F. 3d 865, 873 (2d Cir. 1995); *See also Grullon v. City of New Haven,* 770 F. 3d 133, 138 (2d Cir. 2013). Because defendants in a §1983 lawsuit cannot be liable under a *respondeat superior* theory, 'a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the [law]." *See, Allah v. Annucci,* 16 cv-1841 (KMK), 2017 U.S. Dist. LEXIS 145104, at *16-17 (S.D.N.Y. September 7, 2017)(*citations and internal quotations omitted*). "). In other words, the fact that an individual is alleged to be involved in an incident or took some action in connection with an

alleged incident, or knew that an incident occurred, does not constitute personal involvement for purposes of §1983 unless it is alleged that the action violated a plaintiff's constitutional rights.

"In the Second Circuit, the five ways that a plaintiff can plead personal involvement of a defendant are:

> 1) the defendant participated directly in the alleged constitutional violation, 2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, 3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, 4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or 5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring."

*Id.* at 17-18. *(citations and internal quotations omitted).*

A plaintiff may show personal involvement by showing one of these five factors. *Id.* at 19-20; *see also, Medina v. Kaplan,* 16-cv-7223 (KMK), 2018 U.S. Dist. LEXIS 20980, at *16-18 (S.D.N.Y. February 8, 2018. The following allegations from the Complaint are asserted against the individual Defendants:

> • Each of the individual defendants are being sued based upon their respective positions (Commissioner, Acting Deputy Commissioner, etc.) at the WCDOC. *Id.* at 8-11. Plaintiff claims that they collectively knew about the floors in the large courtyard through unidentified grievance reports, previous unidentified inmate injuries and failed to take any action. They were on notice, as a group, of the conditions in the old jail and took no action. They as a group, learned through Plaintiff's one unexhausted grievance and other unidentified inmate grievances and they as a group, had daily meetings where Plaintiff believes that unspecified grievances were discussed. No dates, times or other details are provided. *Id.* at 26-28.

There are no allegations of personal involvement. The theory of liability for Spano is simply that he was in charge of the facility, which is insufficient as a matter of law to impose individual liability. *See, Allah v. Annucci, supra* at 23-24 *(citations omitted).* There are no allegations that could plausibly be construed that the Commissioner had any personal involvement in any

constitutional violations. *See, Leneau v. Ponte*, 16 cv-776 (GHW), 2018 U.S. Dist. LEXIS 12272, at * 42-43 (S.D.N.Y. January 25, 2018); *see also Martinez v. Loughren*, 13 cv-1319 (JFB)(AKT), 2018 U.S. Dist. LEXIS 40354 (E.D.N.Y. March 8, 2018)("Commissioner of Corrections cannot be held liable for an inmate's constitutional deprivation simply because he was in a high position of authority in the prison system*")(citation and internal quotations omitted)*.

Likewise, but for buzz words and conclusory statements devoid of any details, the Complaint does not provide the requisite facts as to any of the other three individual Defendants to allege personal involvement. There are simply no facts alleged that any of the individual Defendants had any personal involvement in violating Plaintiff's constitutional rights

The wholly conclusory allegations collectively attributed to each of the individual Defendants, without any details of facts are insufficient to show personal involvement. *See, Samuels v. Fischer*, 168 F. Supp. 3d 625, 636-37 (S.D.N.Y. 2016).

Accordingly, as none of Plaintiff's allegations regarding Defendants' conduct rises to the level of a federal or Constitutional violation, as discussed *supra*, and Plaintiff's Complaint is devoid of any allegation of direct or personal involvement on the part of Defendants, any § 1983 claims against them in their individual capacity should be dismissed as a matter of law.

Therefore, the Complaint should be dismissed with prejudice as against each of the individually named Defendants.

## CONCLUSION

Based upon the foregoing, the County Defendants respectfully request that the instant motion be granted in its entirety, that the Complaint be dismissed with prejudice pursuant to Rule

22

12(b) of the FRCP and for and for such other and further relief as to this Court may deem just and proper.

Dated: White Plains, New York
March 14, 2019

Respectfully submitted,
JOHN M. NONNA
Westchester County Attorney
Attorney for COUNTY DEFENDANTS

By/Irma Cosgriff (IC 1326)
Sr. Assistant County Attorney, of Counsel
600 Michaelian Office Building
**148 Martine Avenue**
White Plains, New York 10601
(914) 285-3577 (914) 995-3132 (fax)
Iwc1@westchestergov.com

**To:** **Via Overnight and Regular Mail**
Davonte Hamilton, *Pro se*
79409054
Queens Priv. Detention Facility
182-22 150th Avenue
Jamaica, NY 11413

**Via ECF**
Attorneys of Record