UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVONTE HAMILTON,

                    Plaintiff,

   -against-

WESTCHESTER COUNTY, CORRECT CARE SOLUTIONS, LLC, RAUL ULLOA, JOSEPH K. SPANO, FRANCIS DELGROSSO, KARL VOLLMER, and LEANDRO DIAZ,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/6/2022

7:18-cv-8361 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Davonte Hamilton ("Plaintiff"), proceeding *pro se*, initially asserted claims under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*., against Defendants Correct Care Solutions, LLC and Raul Ulloa (together, "Medical Defendants"), and Westchester County ("the County"), Joseph K. Spano, Francis Delgrosso, Karl Vollmer, and Leandro Diaz (collectively, "County Defendants") regarding the conditions and disability accessibility of the Westchester County Jail at which he was housed. Plaintiff, while represented by counsel, appealed this Court's February 24, 2020 Opinion which dismissed all his claims. On June 30, 2021, the Second Circuit vacated this Court's decision with regards to its dismissal of Plaintiff's ADA claim and remanded for further proceedings as to that claim only.

    Before this Court is County Defendants'[1] unopposed motion to dismiss the remaining ADA claim against the County. For the foregoing reasons, Defendants' motion is GRANTED, and the claim is DISMISSED without prejudice.

---

[1] Although the motion to dismiss is brought on behalf of all County Defendants, all claims against the individual County Defendants have been dismissed.

1

**BACKGROUND**

The following facts are taken from Plaintiff's Complaint and are accepted as true for the purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). The Court summarizes only the facts relevant to Plaintiff's remaining ADA claim.

On August 21, 2018, Plaintiff was an inmate in the custody of the Westchester County Department of Corrections (the "Jail"). ("Compl.," ECF No. 2 ¶ 14.) Plaintiff and several other inmates decided to play basketball on the concrete basketball court. (*Id.* ¶ 15.) During the game, Plaintiff stepped on a portion of cracked and crumbling concrete, causing him to dislocate his knee and tear his meniscus. (*Id.*) Plaintiff states the entire court was in the same condition as that portion of concrete and had been like that for thirty years. (*Id.*) On or about August 28, 2018, Plaintiff filed a grievance about the condition of the court with "Sergeant Hollis." (*Id.* ¶¶ 23–24, 49.) Plaintiff states that Sergeant Hollis accepted the grievance but did not timely respond, prompting Plaintiff to file an appeal with the Jail's grievance coordinator. (*Id.* ¶ 49.) Plaintiff never received a response to his appeal. (*Id.*) The basketball court was subsequently closed but not repaired. (*Id.* ¶ 23.)

After his injury, Plaintiff was required to use crutches, as standing on his injured leg caused him excruciating pain. (*Id.* ¶ 17.) He complains that it was difficult to navigate his housing unit, which, like the basketball court, had cracked and damaged concrete flooring. (*Id.* ¶¶ 16, 21.) He also states that the shower in his I-East housing unit lacked a bench, railing, or rubber mats, and required inmates to step over a two-and-a-half-foot ledge to enter and exit. (*Id.*) Accordingly, Plaintiff had to stand on his injured leg and suffer severe pain when entering and exiting the shower. (*Id.*) He also had to shower with his crutches. (*Id.*) Plaintiff further complains that the

upstairs location of his housing unit made it impossible for him to go outside for outdoor recreation, since he could not use the stairs while he was injured and there were no ramps. (*Id.* ¶ 20.) Plaintiff states that the recreation outside was the only recreation offered. (*Id.*)

On September 5, 2018, after participating in a family visit, Plaintiff was subjected to a "strip frisk" despite his injury. (*Id.* ¶ 17.) Plaintiff was forced to stand on his injured leg to undress, since the search area did not have a bench or rails to assist him. (*Id.*) Plaintiff says that this incident needlessly forced him to endure excruciating pain. (*Id.*)

Separately, Plaintiff complains that his housing unit lacks adequate ventilation or central air, causing the air to retain humidity due to heat and steam from the showers. (*Id.* ¶ 22.) This makes it difficult for Plaintiff to breathe. (*Id.*) Further, the ceilings, including in his cell, routinely become covered with condensation, such that rusty water drips down everywhere. (*Id.*) Plaintiff claims that he attempted to file a grievance about these conditions on or about September 4, 2018, with nonparty "Sergeant Kitt." (*Id.* ¶ 25.) However, Sergeant Kitt refused to accept Plaintiff's grievance and stated, "I'm sick of you fucking crybabies this is jail handle it." (*Id.*)

## PROCEDURAL HISTORY

Plaintiff commenced this action on September 13, 2018. (*See* ECF No. 2.) In his Complaint, Plaintiff alleged violations of his Eighth and Fourteenth Amendment rights by all defendants as well as violations of the ADA by County Defendants and Raul Ulloa. (*Id.*) On February 24, 2020, this Court granted defendants' motions to dismiss the complaint, which were unopposed by Plaintiff. (ECF No. 47.) Specifically, the Court dismissed all claims brought by Plaintiff, including his ADA claims. (*Id.*) The Court dismissed the ADA claims against individual defendants because the ADA did not provide for such liability. (*See id.* at 28.) As to the ADA claim against the County, the Court determined Plaintiff had not alleged he had a qualifying

3

disability because his injury was merely temporary based upon the allegations set forth. (*Id*. at 37.)

Plaintiff retained counsel to appeal the Court's decision. (*See* ECF Nos. 48–49.) On June 30, 2021, the Second Circuit vacated the district court's opinion and order to the extent it dismissed Plaintiff's ADA claim against the County and remanded for further proceedings as to that claim. (*See* ECF No. 50.) The Second Circuit found this Court erred in dismissing the ADA claim solely on the basis that Plaintiff's injuries were not alleged to be not temporary, noting that temporary injuries can constitute a qualifying disability. (*Id*. at 19.) Upon the Second Circuit's finding, this Court granted Plaintiff permission to amend his complaint and set a briefing schedule for dispositive motions. Plaintiff, proceeding *pro se* after the appeal, did not amend his complaint despite receiving an extension on the deadline to do so. (*See* ECF No. 65.) On February 22, 2022, County Defendants filed a motion to dismiss the remaining ADA claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 74.) Plaintiff did not file an opposition to the motion. (*See* ECF No. 80.)

## LEGAL STANDARD

On a 12(b)(6) motion, dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. When a motion to dismiss a complaint is unopposed, a court should nevertheless "assume the truth of a pleading's factual allegations and test only its legal sufficiency." *McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000).

The critical inquiry is whether the plaintiff has pled sufficient facts to nudge the claims

"across the line from conceivable to plausible." *Twombly*, 550 U.S. at 555.  A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where a *pro se* plaintiff is concerned, courts must construe the pleadings in a particularly liberal fashion.  *Harris*, 572 F.3d at 72.  In fact, courts must interpret the *pro se* plaintiff's pleading "to raise the strongest arguments that [it] suggest[s]." *Harris v. City of New York*, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotations and citation omitted).  Nevertheless, a *pro se* plaintiff's pleadings must contain factual allegations that sufficiently "raise a right to relief above the speculative level," *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010), and the court's duty to construe the complaint liberally is not "the equivalent of a duty to re-write it," *Geldzahler v. N.Y. Med. College*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009).

### DISCUSSION

The Second Circuit remanded for further proceedings as to Plaintiff's ADA claim against the County.  (*See* "Second Cir. Op.," ECF No. 50.)  Plaintiff alleges the County violated the ADA by (1) failing to maintain the facility visit room search area for handicapped prisoners with crutches and/or wheelchairs, (2) housing him in a unit with a shower that has a two-and-a-half-feet step in the entrance, and (3) requiring him to climb stairs to access the only recreation area due to the lack of ramps or flat surfaces.  (*Id.* at 12–13.)

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.  To establish a violation of Title II, a plaintiff must demonstrate (1) he or she is a qualified individual with a disability; (2) the defendants are subject to the ADA; and (3) he or she

was "denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or were otherwise discriminated against by defendants, by reason of [his or her] disabilities." *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003).

This Court first turns to whether Plaintiff is a qualified individual with a disability under the ADA. The Second Circuit addressed for the first time the temporal expansion of coverage following the enactment of the ADA Amendments Act ("ADAAA"), Pub. L. No. 110-325, 122 Stat. 3553. (Second Cir. Op. at 15.) The Second Circuit joined the First, Fourth, and Seventh Circuits in holding that, under the expanded definition of "disability" under the ADAAA, impairments "lasting or expected to last less than six months" can qualify as an actionable disability under the ADA. (*Id.* at 16 (quoting 28 C.F.R. § 35.108(d)(ix).) In doing so, the Second Circuit found that this Court erred when it dismissed Plaintiff's ADA claim as a matter of law because his injuries causing limitations were temporary. (*Id.*) Under this new guidance from the Circuit, this Court now evaluates whether Plaintiff qualifies as having a "disability" under the expanded definition of the ADAAA.

Plaintiff alleges his knee and meniscus injuries restricted his ability to walk without the aid of crutches for a period of weeks. Plaintiff states he experienced "excruciating pain" when navigating around the Jail housing unit and showers. (*See* Compl.) Reading *pro se* Plaintiff's pleading liberally, this Court finds that Plaintiff has sufficiently alleged he is a qualifying individual under the ADA. The ADA defines "disability" to include, *inter alia*, "a physical or mental impairment that substantially limits one or more major life activities." *Woolf v. Strada*, 949 F.3d 89, 93 (2d Cir. 2020) (quoting 42 U.S.C. § 12102(1)(A)). "Major life activities" includes standing, walking, bending, and caring for oneself. (*See* Second Cir. Op. at 13 (citing 28 C.F.R. § 35.108(c)(1)(i).) Indeed, Plaintiff's allegations make clear that his injuries substantially limited

6

his ability to walk and stand without excruciating pain.  Plaintiff had difficulty navigating general walkways of the Jail and found having to shower while standing with his crutches to "always seem[] physical impractical." (Compl. at 7.)  Plaintiff suffered "severe pain" when he was forced to stand on his injuries in the search area and endured "excruciating pain" when dressing without the assistance of a bench or rails. (*Id.*)  Thus, Plaintiff has adequately alleged his injuries have substantially limited his ability to walk and stand.  Plaintiff is a qualifying individual with a disability under the ADA.

"A qualified individual can base a discrimination claim on any of three available theories: (1) intentional discrimination (disparate treatment); (2) disparate impact; and (3) failure to make a reasonable accommodation." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009) (internal quotation marks omitted).  The Complaint does not specify which theory Plaintiff brings.  Plaintiff makes no allegation that the County acted with Plaintiff's alleged disability in mind, which forecloses a claim under the theory of disparate impact.  *See Williams v. Barometre*, No. 20-CV-7644 (KMK), 2022 WL 903068, at *17 (SD.N.Y. Mar. 28, 2022); *see also Doherty v. Bice*, No. 18-CV-10898, 2020 WL 5548790, at *7 (S.D.N.Y. Sept. 16, 2020).  Plaintiff also makes no allegation that can be liberally interpreted as describing disparate impact.  *See Williams*, 2022 WL 903068, at *17 (requiring a showing of an occurrence of an outwardly neutral practice and a significantly adverse or disproportionate impact on persons of a particular type to establish a prima face claim under a disparate impact theory).

Plaintiff complains of the lack of ramps and railings at various areas of the Jail.  Plaintiff appears to be asserting a reasonable accommodation claim.  "The ADA mandates reasonable accommodation of people with disabilities in order to put them on an even playing field with the non-disabled." *Felix v. New York Transit Auth.*, 324 F.3d 102, 107 (2d Cir. 2003).  A reasonable

7

accommodation "gives the otherwise qualified plaintiff with disabilities 'meaningful access' to the program or services sought." *Henrietta*, 331 F.3d at 282 (quoting *Alexander v. Choate*, 469 U.S. 287, 301 (1985)). "[T]he question of what constitutes a reasonable accommodation under the ADA 'requires a fact-specific, individualized analysis of the disabled individual's circumstances and the accommodations that might allow him to meet the program's standards.'" *Mary Jo C. v. New York State & Local Ret. Sys.*, 707 F.3d 144, 165 (2d Cir. 2013) (quoting *McGary v. City of Portland*, 386 F.3d 1259, 1270 (9th Cir. 2004)). "Quite simply, the demonstration that a disability makes it difficult for a plaintiff to access benefits that are available to those with and without disabilities is sufficient to sustain a claim for a reasonable accommodation." *Henrietta*, 331 F.3d at 277.

County Defendants allege the Title II ADA claim must be dismissed because Plaintiff has not alleged he had requested any accommodations or that any such request was denied. (ECF No. 77 at 9.) This Court agrees. Although Plaintiff alleges he was excluded from participating in the outdoor recreation because of the lack of ramps or other accommodations for his injuries, Plaintiff has not alleged that he had requested any accommodations and that the County denied his request. *See McNiece v. Connecticut*, 692 Fed. Appx. 655, 656 (2d Cir. 2017) (denying Title II ADA claim where plaintiff "did not allege that he had requested an accommodation, or that the town denied him one."); *see also Tsombanidis v. W. Haven Fire Dep't*, 352 F.3d 565, 578 (2d Cir. 2003), *superseded by regulation on other grounds*, ("To prevail on a reasonable accommodation claim, plaintiffs must first provide the governmental entity an opportunity to accommodate them . . . ."). Accordingly, Plaintiff has not sufficiently alleged the County denied him reasonable accommodation for his disability and his ADA claim is dismissed.

## CONCLUSION

For the foregoing reasons, County Defendants' motions to dismiss Plaintiff's ADA claim is GRANTED.  Plaintiff's remaining ADA claim against Westchester County is DISMISSED without prejudice.  *Pro se* Plaintiff is granted leave to file an Amended Complaint to replead his ADA claim against Westchester County only.  If he chooses to do so, Plaintiff will have until October 6, 2022 to file an Amended Complaint consistent with this Order.  An Amended Civil Rights Complaint form is attached to this Order.  If an Amended Complaint is filed, Defendant Westchester County is directed to answer or otherwise respond by November 7, 2022.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 74.  The Clerk is also respectfully directed to mail a copy of this Opinion and Order to *pro se* Plaintiff at the address listed on ECF and to show service on the docket.

Dated:  September 6, 2022                                   SO ORDERED:
White Plains, New York

                                                                    _____
                                                                    NELSON S. ROMÁN
                                                                    United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

**AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

### I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐ Violation of my federal constitutional rights

☐ Other: _____

### II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____
First Name            Middle Initial            Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

_____
County, City                         State                  Zip Code

### III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

Page 2

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Page 3

## V. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI. RELIEF

State briefly what money damages or other relief you want the court to order.

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____